### JACK LITTLEJOHN v. MAX ELIONSKY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 7, 1943—decided February 3, 1944.

*Philip R. Shiff,* for the appellant (defendant).

*Griswold Morgan,* for the appellee (plaintiff).

ELLS, J. The only claim pursued upon this appeal is that the trial court erred in its instruction to the jury as to the damages recoverable by the plaintiff for injury to his automobile. The plaintiff offered evidence and claimed to have proved that at the time of the collision his car was reasonably worth $935 to $950, and was a total loss but was sold for $100. The defendant's claim of proof was that the automobile was not totally destroyed, but could be and was repaired at a cost of $400. The charge complained of was: "If you find for the plaintiff you will assess such damages as you feel will adequately compensate him . . . for the damage to his automobile, and in connection with that damage, I charge you that if he prevails, he is entitled to recover the reasonable market value of the car as it was before the collision, and from that should be deducted the market value of the car as it was after the collision. I believe the evidence was that the value was $935 or $950 before the collision, and that the remains of the car were worth $100 on the market after. So the difference between those figures would be the extent of that damage."

The first sentence states the correct rule, except that it does not provide for interest from the date of loss. *Bullard* v. *de Cordova,* 119 Conn. 262, 268, 175 Atl. 673. The omission of interest is too trivial, considering the amount it involves, to warrant reversal on that ground alone, particularly when, as here, the question was not really raised by the appeal. The defendant's claim is that the court erred in failing to call his claim of proof to the attention of the jury; that, instead, it practically directed a verdict as to the amount of damages on the basis of the plaintiff's claims of proof.

The correct rule is well stated in *Hawkins* v. *Garford*

*Trucking Co., Inc.,* 96 Conn. 337, 341, 114 Atl. 94: "Our rule is that when the injury is less than a complete loss . . . the measure of damages is the difference in value between the property before and after the loss, with interest from date of loss. And when the property injured may be repaired, if the repairs will substantially restore the property to its former condition, the cost of such repairs will ordinarily furnish proper proof of the loss." In the instant case there was no claim of proof that the automobile was restored to substantially its former condition, except as it may be indicated by the claim that the car was repaired. The ordinary meaning of repair is to restore to a sound or good state after injury. Webster's New International Dictionary (2d Ed.). The finding is, therefore, to be construed as equivalent to one that the defendant offered evidence that the car could be and was restored to a sound or good state. This falls short of a claim that the repairs had put the car in substantially the same condition as before the collision. For example, a new car may be badly damaged and be repaired so as to put it in a sound or good state, and yet be worth much less than before the collision. The clause quoted from the *Hawkins* case, supra, "if the repairs will substantially restore the property to its former condition," is an integral part of the rule, and not mere tautology. The court was justified in ignoring the defendant's claim as to repairs, for if it had mentioned the matter it would have had to say something like this: "There is evidence that the car was repaired at an expense of $400, but you cannot take that as the measure of damages, because there is no evidence that these repairs restored the car substantially to its former condition." The court properly refrained from delivering such a futile instruction.

In *Bullard* v. *de Cordova,* supra, the damaged auto-

mobile was sold for $60. The defendant offered evidence that the purchaser had made repairs which put it in as good condition after the accident as it was before, at a cost of $400. In its charge to the jury, the court ignored the defendant's claim of proof, and we said that the jury could properly arrive at their verdict only by considering this evidence, as well as that offered by the plaintiff, as to the price for which the car was sold. Had the defendant offered such evidence in the present case, it would have been the duty of the jury to consider it, under proper instruction. In the absence of such evidence, the mere claim that the car was repaired at an expense of $400 was properly ignored by the court.

There is no error.

In this opinion the other judges concurred.