MARIE B. STULTS ET AL. *v.* ANNA F. PALMER ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, DALY and MOLLOY, JS.

Argued October 14—decided November 29, 1954

*David Cramer,* with whom, on the brief, was *Clayton L. Blick,* for the appellants (defendants).

*S. Michael Schatz,* with whom were *Ralph M. Shulansky* and, on the brief, *Joseph Adinolfi, Jr.,* for the appellees (plaintiffs).

DALY, J. The defendants have appealed from a judgment awarding the plaintiff Sally A. Stults $9000 in damages for personal injuries and the plaintiff Marie B. Stults $900 for damage to her automobile. The defendants contend that the damages awarded each plaintiff were excessive. In making this claim, they maintain that the trial court erred in finding facts without evidence, "as such findings contradict the findings made by the Court as expressed in the Memorandum of Decision." In support of their contention that the court erred in rendering judgment for the plaintiff Sally to recover $9000 in damages, they state that testimony which the memorandum of decision shows was accepted by the court as competent indicates that Sally's personal injuries were substantially less than those found by the court.

If any conclusions stated in the memorandum of

decision are at variance with those in the finding, the latter will prevail. *Metropolitan Life Ins. Co.* v. *Bassford,* 120 Conn. 384, 388, 180 A. 692; Maltbie, Conn. App. Proc., p. 120. The memorandum of decision cannot take the place of a finding. Statements of fact in it cannot be used to supplement the finding unless, for some specific, unusual purpose, the memorandum of decision is expressly made a part of the finding. The memorandum of decision was not made a part of the present finding, nor should it have been, and the defendants cannot make use of it to supplement the facts set forth in the finding. *Goldblatt* v. *Ferrigno,* 138 Conn. 39, 40, 82 A.2d 152. "The cause is to be decided upon the facts found, not upon those contained in the memorandum of decision." *Turner* v. *Connecticut Co.,* 91 Conn. 692, 696, 101 A. 88.

The court found that the plaintiff Sally was out of work approximately seventy-six weeks and four days and that she lost wages amounting to approximately $4975. This was supported by evidence appearing in the appendix to the plaintiffs' brief, as was the finding that she suffered a whiplash injury of the cervical spine, a lumbosacral derangement due to ligamentous injuries, and a traumatic coccygodynia as a result of the collision. There was also evidence to sustain the finding of permanent disability. The assessment of damages in personal injury cases is peculiarly within the province of the trier and will only be disturbed when plainly excessive. *Sette* v. *Dakis,* 133 Conn. 55, 61, 48 A.2d 271; and this is particularly so where the amount is determined by the court in a trial without a jury. *Thompson* v. *Lupone,* 135 Conn. 236, 239, 62 A.2d 861; *Squires* v. *Reynolds,* 125 Conn. 366, 369, 5 A.2d 877. We cannot say that the court erred in awarding $9000 in damages to the plaintiff Sally.

The defendants also claim that $900, the amount of the damages awarded to the plaintiff Marie, is excessive. There was evidence that the value of her automobile before the collision was $1140 to $1150, and that after the collision it was about $300. Although there was evidence that the estimate for repairing it was $480.35, an expert witness testified that when a car has had its frame sprung, as the one in question had, it would not be fit to be on the road after the frame had been straightened. The true rule is that the measure of damages is the difference between the fair market value of the car before the collision and its fair market value afterwards, plus interest from the date of loss. However, if the automobile damage may be repaired and the repairs will restore the car to substantially its former condition, the cost of repair will ordinarily furnish proper proof of the loss. *Littlejohn* v. *Elionsky,* 130 Conn. 541, 543, 36 A.2d 52. In the instant case the trial court could well have concluded, because the frame of the car had been sprung, that repairs would not have substantially restored the automobile to its former condition and that the owner was entitled to the difference between the fair market value of the car before the collision and its value after the collision, plus interest.

There is no error.

In this opinion the other judges concurred.