## CHARLES HAMMARLUND v. CIRO TROIANO

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 7—decided June 3, 1959

*T. Holmes Bracken,* with whom, on the brief, was *Nathan A. Resnik,* for the appellant (defendant).

*Archibald G. Marshall,* with whom was *Gordon R. Raynor,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff recovered a judgment for personal injuries and property damage caused when his automobile, which he was operating, collided with the defendant's cows in the public highway. He was driving west on route 80 in North Branford at 2:30 a.m. on September 9, 1949. At the place where the accident occurred, route 80 was a rural blacktop highway and there was no artificial lighting. The cows were black and white Holsteins, difficult to see under the prevailing conditions. The defendant claims that there was no proof that the presence of the cows on the highway was due to any negligence on his part. The statute, which is now § 53-183 of the 1958 Revision, provided that any person entitled to the custody of any neat cattle who permits them to be at large upon any highway without a keeper should be fined. To establish a violation of this statute, it must be shown that the cows were at large on the highway without a keeper either by the voluntary act of the defendant or by reason of his negligent failure to restrain them as a reasonably prudent and careful farmer would under like circumstances. *State* v. *Poplowski,* 104 Conn. 493, 499, 133 A. 671. There is no presumption that the cows escaped from the pasture and were at large because of an insufficient fence. *Isbell* v. *New York & N.H.R. Co.,* 27 Conn. 393, 402. There is evidence, however, to support the court's finding that the defendant had knowingly pastured his cows in a nearby field where the fencing was inadequate

and in disrepair and that the cows had strayed from this field on previous occasions. See *Dixon* v. *Lewis,* 96 Conn. 661, 662, 115 A. 472. The court's findings, which are not subject to correction, support its conclusion that the defendant was negligent.

The defendant's claim that the plaintiff was contributorily negligent as a matter of law is without merit. The plaintiff was driving at forty to forty-five miles an hour. The defendant has sought to correct the finding to add the fact that the highway was posted for a maximum speed of thirty-five miles an hour. He claims that a speed in excess of the posted limit is prima facie an unreasonable speed. But it was for the trier to decide whether the speed was actually unreasonable under all the circumstances. *State* v. *Gordon,* 144 Conn. 399, 402, 132 A.2d 568. Furthermore, if the plaintiff's speed, being in excess of the posted limit, was unreasonable, it cannot be said that as a matter of law, under the circumstances of this case, the excess speed was a proximate cause of the collision. The same reasoning applies to the defendant's claim that if the plaintiff had had lights meeting the requirements of the statute (now Rev. 1958, § 14-85), he would have seen the cows before he was forty to fifty feet from them. Failure of a driver with proper lights to see objects against the dark pavement ahead of him does not conclusively establish lack of due care on his part. *Schmeiske* v. *Laubin,* 109 Conn. 206, 210, 145 A. 890. We are reviewing the conclusion of a trial court upon the issue of contributory negligence, and when, as in this case, there is room for a reasonable difference of opinion the determination is for the trier. See *Palombizio* v. *Murphy,* 146 Conn. 352, 359, 150 A.2d 825; *Edgecomb* v. *Great Atlantic & Pacific Tea Co.,* 127 Conn.

488, 492, 18 A.2d 364. There is no error upon the issue of liability. This disposes of any claim of error as to liability of the plaintiff upon the defendant's counterclaim for the loss of his cows.

The trial court awarded the plaintiff $100 for his personal injuries and $100 for damage to his automobile. There were no medical expenses, but the plaintiff was "shaken up" and lost two days' work. The court found that his automobile was reduced $100 in value as a result of the collision. The defendant has attacked this finding. The measure of recovery for damage to an automobile is succinctly stated in *Stults* v. *Palmer,* 141 Conn. 709, 712, 109 A.2d 592. The rule requires proof of either the difference between the fair market value before and the fair market value after the damage or the cost of the repairs if they will restore the automobile to its former condition. While there was proof that the plaintiff had purchased this 1936 Studebaker three months before the accident for $250, there was no proof of the cost of repairs or of the value of the car after the collision. It did appear that the automobile was substantially damaged. The event which brought about this lawsuit occurred nearly ten years ago. The case laid in court nearly all of the intervening time before it was tried. The damages awarded on account of the automobile can be considered nominal under the circumstances. The error is too inconsequential to grant a new trial on the issue of property damage. The other claims of error are without merit and require no discussion. We find no reversible error.

There is no error.

In this opinion the other judges concurred.