ROBERT EK *v.* YOLANDA D. V. BOWEN ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 6-617-3073

Argued January 18—decided April 2, 1963

*Edward J. Lynch,* of New Haven, for the appellants-appellees (defendants).

*Herman N. Horwitz,* of New Haven, and *William J. Shea, Jr.,* of Hartford, for the appellee-appellant (plaintiff).

KOSICKI, J. On March 18, 1952, the plaintiff commenced an action against the defendants in the City Court of New Haven, claiming damage to his automobile arising out of a collision with an automobile operated by the named defendant and owned by the defendant Robert E. Bowen. The pleadings

in the case were closed December 22, 1952. On January 1, 1961, the City Court of New Haven ceased to exist and all cases therein pending were deemed pending in the Circuit Court. General Statutes § 51-272. The case was tried in the Circuit Court and, on May 11, 1962, judgment rendered for the plaintiff for $725.62.

The defendants, in their appeal, do not question their liability in tort. Their sole assignment of error is that the evidence of damage was insufficient to sustain a substantial award and that, at most, the judgment should have been for nominal damages only. The plaintiff has filed a cross appeal, claiming error in the court's refusal to allow him interest at 6 percent on the amount of the damages adjudged from the date of the collision.

We shall first consider the error claimed by the defendants. The court found that the plaintiff expended $725.62 to repair the damage to his automobile caused by the collision. It is not clear whether the defendants' objection is aimed at the finding that the plaintiff expended the amount stated or that the evidence did not prove that the damage was correctly ascertained to be in that amount. As to the first objection, it is not required that the plaintiff prove payment for repairs. The award of damages is to compensate for the injuries suffered, not to pay the plaintiff's bills.

The principal argument of the defendants is that the court did not follow the correct rule in assessing damages, the claim being that there was no subordinate finding as to the condition of the car before the accident and its condition after the repairs had been made. It is true that the court did not state in detail what the damage consisted of or set out the particulars in arriving at the amount of judgment. If the defendants had desired such particulars, in

order to pursue their appeal, they should have filed a motion to correct the finding specifying what additions to the finding should be made. The court had before it a detailed account of repairs, listing items and amounts, as prepared by the garage where the repairs were made. This bill furnished an adequate basis for the court's finding. Furthermore, no transcript of evidence has been filed; therefore, we cannot consider what the evidence might have been, and no corrections in the finding may be made.

"The true rule is that the measure of damages is the difference between the fair market value of the car before the collision and its fair market value afterwards, plus interest from the date of loss. However, if the automobile damage may be repaired and the repairs will restore the car to substantially its former condition, the cost of repairs will ordinarily furnish proper proof of the loss. *Littlejohn* v. *Elionsky*, 130 Conn. 541, 543." *Stults* v. *Palmer*, 141 Conn. 709, 712; see also *Hammarlund* v. *Troiano*, 146 Conn. 470, 473; *Bullard* v. *de Cordova*, 119 Conn. 262, 268.

The car in the present case was not a total loss and not irrepairable because of the collision. The cost of repairs properly represented the measure of damage.

The plaintiff claims error in that the court did not allow interest as part of the judgment. Interest at the rate of 6 percent a year may be recovered and allowed in civil actions "as damages for the detention of money after it becomes payable." General Statutes § 37-3. Usually interest is allowed in actions for property damage, such as this, from the date of injury. *Littlejohn* v. *Elionsky*, supra. The rule, however, is not absolute and is not applicable as a matter of right. "Whether interest is

allowable is not decided by any arbitrary rule but by determining whether justice, under all the circumstances, demands it. *Bernhard* v. *Rochester German Ins. Co.,* 79 Conn. 388, 398 . . . ; *Wells Laundry & Linen Supply Co.* v. *Acme Fast Freight, Inc.,* 138 Conn. 458, 463." *Lewin & Sons, Inc.* v. *Herman,* 143 Conn. 146, 151; *Goldman* v. *Coppola,* 149 Conn. 317, 328.

Whatever reasons or excuses the plaintiff may have advanced for the delay in trial, it is undeniable that the case was stricken from the docket and restored five times before being tried nearly ten years after the issues had been closed. Cases pending in the Circuit Court more than five years but less than ten are annually discontinued "unless a written request for a continuance has been filed or other cause for a continuance shown." General Statutes § 52-230. Cases pending for ten years or more are "stricken from the docket without notice and without further action by such court" and cannot be restored to the docket. § 52-230. The plaintiff in this case, through his inaction and failure to prosecute his suit with due diligence, cannot justly claim to be entitled to damages for unlawful detention of money by the defendants.

There is no error on either appeal.

In this opinion PRUYN and JACOBS, Js., concurred.