## PATRICK DAMICO *v.* FRANCIS DALTON
## (2062)

DANNEHY, C.P.J., TESTO and HULL, Js.

Argued December 6, 1983—decision released January 17, 1984

*James Kearns,* for the appellant (defendant).

*Kathleen M. Sheahan,* with whom, on the brief, was *Timothy J. Holian,* for the appellee (plaintiff).

PER CURIAM. On January 25, 1980, the plaintiff commenced an action against the defendant in the Superior Court for the judicial district of Fairfield at Bridgeport, claiming damage to his automobile arising out of a collision with an automobile owned and operated by the defendant. The defendant filed an answer and a counterclaim. In his counterclaim, the defendant sought to recover for damage to his automobile. After a trial to the court, the trial judge found the issues for the defendant on the complaint and on the counterclaim and rendered judgment for the defendant on the counterclaim for nominal damages. On appeal,[1] the defendant raises the following issues: (1) whether the trial court erred in holding that the correct measure of damages was the difference between the fair market value of the defendant's automobile before the collision

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

and the fair market value of that automobile after the collision; and (2) whether the court abused its discretion in denying the defendant's motion to open the judgment and to hear evidence as to the salvage value, if any, of the defendant's automobile.

In the present case, there can be no doubt that the measure of damages to the defendant's automobile was the difference between its value immediately prior to the collision and its value immediately thereafter. *Littlejohn* v. *Elionsky*, 130 Conn. 541, 543, 36 A.2d 52 (1944); see also *Hammarlund* v. *Troiano*, 146 Conn. 470, 473, 152 A.2d 314 (1959); *Stults* v. *Palmer*, 141 Conn. 709, 712, 109 A.2d 592 (1954). The evidence established that the value of the defendant's automobile was $800 before the collision. The trial court properly disregarded the testimony as to the cost of repairs as a measure of damages, since that figure was greater than the difference in the value of the defendant's automobile before and after the collision, which is the true measure of damages. The burden of proof was on the defendant for this item of damage to his automobile. The defendant failed to sustain his burden. The trial court, in its memorandum of decision filed on October 7, 1982, specifically concluded that there was no evidence whatsoever of the fair market value of the defendant's car after the accident.

On October 14, 1982, the defendant filed a motion to open the judgment, stating he wished to offer evidence concerning salvage value, if any, of his automobile. The court denied the motion and this ruling is the second ground of appeal. The only category in which the motion could fall, in order that its denial might afford a basis of appeal, is that of a motion for a new trial for newly discovered evidence; neither in form nor in substance does the defendant's motion satisfy the requirements for such a motion. The evidence offered, obviously, was just as much within the power of the

defendant to produce before judgment as after. If a party, upon the filing of a decision unfavorable to him on an issue which has been litigated at the trial, has a right to have the judgment opened to enable him to offer further testimony upon that issue, which might equally well have been offered at the trial, litigation would be prolonged beyond the requirements of a sound public policy. *Zuboff* v. *Solomon,* 120 Conn. 693, 694, 180 A. 295 (1935).

There is no error.