[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has brought suit to recover for damages to CT Page 457 its tugboat which the defendant caused to sink. The plaintiff used the tugboat daily to transfer its personnel and materials from the shore to its barges which were used in the plaintiff's business of repairing bridges and other marine installations and to move the barges. The tug was moored at the Housatonic Terminal on the Housatonic river when the defendant in order to bring in a oil barge negligently retied it to the dock in such a fashion as to cause it to sink. The defendant does not deny the negligence however it does deny that certain damages claimed by the plaintiff are attributable to their negligence. The boat was in the water four days before it was raised by the Hitchcock Marine Company (Hitchcock) driven to Hitchcock's boat repair docks and repaired by them for a period of ten days. Thereafter the plaintiff operated the tug for approximately two months during which the engine refused to start only once due to a defective electrical switch installed by Hitchcock. Thereafter when the plaintiff's president asked Hitchcock's owner if she would guaranty the boat she replied only 90% since the original repairs did not take the engine down to the bare block. Hitchcock's mechanic who performed the repairs stated that the guaranty was 95% to 98% without bare block repairs. The mechanic had previously told another officer of the plaintiff when questioned about the effectiveness of the repairs "that you do what you have to do" meaning that a bare block repair should be done. The plaintiff thereafter returned the tug for a bare block repair of the engine in which only a few repairs or changes were made. On the second repair the tachometer, breather, and steering cable were repaired and the pump rebuilt, all which should have been done on the first occasion. The breather had suffered corrosion. The plaintiff had to hire a tug out of New York to perform the work on the fenders of the Housatonic river bridge which it was under contract to do. That tug had previously been hired by the plaintiff to tow a barge from New York to the Housatonic River and the plaintiff simply advanced the date of that operation by three days so that the rental tug could continue the plaintiff bridge repairs and substitute for the plaintiff's tug.
The defendant does not contest the liability issue and has in fact paid some of the damages. The issue presented at trial is the claim for some of the items of damages. "The basic aim in awarding damages is to compensate a plaintiff for his loss so far as money can do so." Youngest Inc. v. Fire City Plaza Inc., 156 Conn. 22, 27. "Moreover in a negligence action the cost of repairs is admissable as proof of the difference of value of the property before and after the damage caused by the negligent breach of duty." Scribner v. O'Brien Inc., 169 Conn. 389,405. "The true rule is that the measure of damages is the difference between the fair market value of the car before collision and its fair market value afterwards, plus interest CT Page 458 from the date of loss. However, if the automobile damage may be repaired and the repairs will restore the care to substantially its former condition, the cost of repairs will ordinarily furnish proper proof of the loss. Stults v. Palmer,141 Conn. 709, 712; Littlejohn v. Elionsky, 130 Conn. 541, 543.
The plaintiff is entitled to recover for lost gear located on the tug in the amount of $636.20 of which the defendant has already paid the amount of $161.93 leaving a balance due of $474.27. The defendant presented no evidence or argument with respect to the this item.
The second item is the cost of having a substitute tug, which was in the original amount of $4900 and of which the defendant has paid $3100 leaving a balance of $1800.00. The defendant disputes the $1200 cost of bringing the replacement tug from New York to Stratford. As previously noted the plaintiff had prior to the accident contracted for a tug to bring a barge from New York to Stratford at a cost of $1200 for the tug. When the accident occurred the plaintiff made arrangements to advance the date of the delivery of the tug and barge by three days so that the tug could be used as a substitute. The plaintiff was already bound by contract to pay $1200 for the tug to come to Stratford and it cost them nothing more than that amount to have the replacement tug delivered. They are not entitled to recover the $1200 for which they were already indebted. Therefore they may only recover the sum of $600.00 for the replacement tug.
The next item is the sum $3518.63 for the scraping, sanding, red leading and painting of the tug. The tug was in the water for four days in January at a point in the Housatonic where the water is brackish and repainting is found to be a reasonable repair of a sunken tug. The work was done by the plaintiff and included in their charges are profit of 15% and overhead of 10% which the court feels they are not entitled to recover. Deducting all the charges for overhead and profit amounts to $738.14 leaving a balance due of $2780.49 which the plaintiff may recover.
The last item of damage is the cost of repairs when the boat was returned for bare block repairs, in the amount of $13,381.14. Those repairs required the removal of the engine from the tug, which is a costly operation. The plaintiff had been told by the boat yard owner that the tug was not 100% guaranteed, only 90% without such repairs. In addition the mechanic who worked on the tug testified that it was not 100% guaranteed but only 95% to 98%. The plaintiff was entitled to have the tug restored to substantially, its former condition and that is not 10% or 2% or 5% less than its substantial CT Page 459 condition but 100% of its substantial former condition. The evidence disclosed that the tug was being used daily in the plaintiff's marine construction work and the defendant has introduced no evidence which would lead this court to conclude that its former substantial condition was less than 100% of its designed and required use. The plaintiff is entitled to recover the sum of $13,381.40 for the bare block repairs. The plaintiff having paid that bill of the boat repair company establishes that the charges are fair and reasonable.
The plaintiff is entitled to recover the sum of $17,236.16 from the defendant together with costs of the action and without interest.
IRVING LEVINE, STATE TRIAL REFEREE