[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Stephen Wareck and Barbara Cooley Wareck, are the owners of certain property located at 51 Longhini Lane, also known as 38 Audio Lane in the City of New Haven (the "premises"). In April, 1983, the plaintiffs' predecessor leased the premises to the defendant Connecticut Chair Car, Inc. pursuant to a written lease with an expiration date of July 31, 1988. In November 1985, Connecticut Chair Car sublet a portion of the premises to the New Haven Board of Education for a term which ended June 30, 1988. The plaintiffs' predecessor consented to the sublease.
The Board of Education remained in possession into the fall of 1988. The plaintiffs brought this action seeking damages against both defendants for repairs to the premises made necessary by the defendants' occupancy plus an award of attorneys' fees as provided in the lease. The plaintiffs also seek judgment against the Board of Education for use and occupancy for the month of October, 1988. The case was contested as to the Board of Education, the principal defendant. Connecticut Chair Car was defaulted for failure to appear and the testimony presented was considered as a hearing in damages as to that defendant.
The premises are comprised of a 13,000 square foot building located on approximately five acres of land. The plaintiffs' CT Page 5022 predecessor used the premises for the operation of a car and truck leasing business. Connecticut Chair Car then used the property for a transportation business, including the maintenance and repair of buses. Beginning in November, 1985, Connecticut Chair Car sublet the building and a portion of the land around the building, approximately two acres, to the New Haven Board of Education, which used the property for storage of food and custodial supplies. The Board of Education remained in possession through the end of Connecticut Chair Car's lease term and then entered into a new lease with the plaintiffs for the months of August and September, 1988.
The plaintiff's first claim is that under the holdover provisions of the written two-month lease with the Board, which expired September 30, 1988, the plaintiffs are owed $3605. for rent and $162. as an insurance charge for the month of October, 1988. Mr. Wareck testified that he checked the premises on both October 1st and 3rd and found that the Board of Education was still in possession on both dates. The keys to the premises were not returned to him until October 7, 1988. The plaintiffs gave notice to the Board both before and after October 1 that if the premises were not vacated on September 30, the plaintiffs would exercise their right under the lease to treat the Board as a month to month tenant at a rent of $3605. plus any charges otherwise payable under the lease.
Although certain employees of the Board of Education testified that the Board vacated the property before October 1, the court finds Mr. Wareck's testimony on this point credible and persuasive. The Board is obligated to pay the plaintiffs $3605. in rent and $162. for fire insurance for the month of October, 1988.
When the plaintiffs did regain possession of the premises in October, 1988, they found that much clean-up and many repairs were necessary to return the premises to the condition they were in in 1983 at the outset of the lease to Connecticut Chair Car. The total cost of clean-up and repairs was $14,745.91, which included repairs to the heating and electrical systems. Connecticut Chair Car is not defending the plaintiffs' claim, having been defaulted for failure to appear. Accordingly, judgment will be entered against Connecticut Chair Car, Inc. for $14,745.91 damages plus attorneys' fees incurred by the plaintiffs for this action in the amount of $3483, plus costs.
The plaintiffs also seek judgment against the New Haven Board Education for the same expenses for clean-up and repairs to the premises. The Board denies liability for any of these expenses, asserting that the Board left the premises cleaner than they were when the Board took possession from Connecticut Chair CT Page 5023 Car and that the repairs were necessary before the Board ever took occupancy.
The plaintiffs offer two theories of liability. First they contend that the Board is liable for the clean-up and repairs under paragraphs IX and XII of the two-month lease between the plaintiffs and the Board. (Before this short-term lease for August and September, 1988, there was no lease between the plaintiffs or their predecessor and the Board. The Board was simply a subtenant of Connecticut Chair Car.)
Paragraph XII of the lease states in pertinent part:
 Upon the expiration of the term, Lessee shall surrender the demised premises to Lessor in a clean and wholesome condition and in as good condition and repair as at the outset of this lease, reasonable wear and tear excepted, and to leave the interior premises clean and free of any supplies or debris, including skids. Lessee will also remove the partition between the large garage and the smaller, higher one on the north side of the building.
(Emphasis added.) The plaintiffs established at trial that the Board failed to remove the partition as required by the lease and that an expense of $240. was incurred to remove the wall.
None of the remaining repair or clean-up expenses can be recovered under this paragraph of the lease, however, because the plaintiffs failed to introduce evidence as to the condition of the leased premises at "the outset of the lease," August 1, 1988. The Board's obligation under Paragraph XII was to return the premises to the landlord in the same condition as at the beginning of the two-month lease. The plaintiffs therefore bore the burden of establishing the condition of the premises on August 1, 1988. First National Bank of Des Plaines v. Shape Magnetronics, Inc., 481 N.E.2d 953, 955-956 (Ill.App. 1 Dist. 1985).
The plaintiffs fare no better under Paragraph IX of the lease, which provides first that the Board accepts the premises in "as is" condition and secondly that the Board would clean and maintain the premises and make all necessary minor repairs. This provision is virtually identical to a paragraph contained in the sublease between Connecticut Chair Car and the Board of Education.
The only reasonable construction of Paragraph IX is that the Board would be liable for those repairs the need for which arose during the two-month lease term. To find otherwise would CT Page 5024 be to make the Board a virtual insurer with respect to the condition of the premises and to impose upon the Board liability for repairs the need for which may well have arisen during Connecticut Chair Car's occupancy and prior to the Board's sublease. The plaintiffs ask the court to see no distinction between the two tenancies, but the plaintiffs' only claim against the Board is for a breach of the two-month lease. Because the plaintiffs did not establish that the need for the repairs arose in August or September, 1988, they cannot recover their expenses under Paragraph IX of the lease.
As an alternative to the claims made under the lease with the Board, the plaintiffs argue that the Board is liable for the approximately $15,000 in repairs and clean-up expenses because by virtue of its sublease, the Board was a de facto assignee of the Connecticut Chair Car lease. The plaintiffs contend that under this theory they are not obligated to prove that the need for the repairs arose while the Board occupied the premises.
Although this theory of recovery is not alleged in the complaint, which as to the Board of Education alleges only violations of the lease which began August 1, 1988, the court will nevertheless address it. The plaintiff relies on Rocklen, Inc. v. Radulesco, 10 Conn. App. 271 (1987), in support of its claim. At issue in that case was whether a transfer of all interest in a lease constituted an assignment or a sublease. In holding that the transfer at issue was an assignment rather than a sublease, the Appellate Court stated:
 The basic distinction between an assignment and a sublease is that by the former, the lessee conveys his whole interest in the unexpired term, leaving no reversion in himself. The latter transfers only a part of the leased premises for a period less than the original term. (Citations omitted.)
Id. 274.
The lease between Connecticut Chair Car and the Board of Education was indeed a sublease, and not an assignment, for at least two reasons. First, Connecticut Chair Car did retain a reversion. The lease with the Board of Education expired June 30, 1988, one month prior to the July 31, 1988 expiration of the lease between the plaintiffs' predecessor and Connecticut Chair Car. Secondly, the sublease with the Board was for only a portion of the premises leased by Connecticut Chair Car, which retained possession of approximately three acres of land to the rear of the land and building which was sublet to the Board. The CT Page 5025 plaintiffs' reliance on Rocklen is therefore unavailing.
The plaintiffs have established the liability of the Board of Education for $3767. for rent and insurance and $240. for removal of the partition, a total of $4007. The remaining issue to be decided is an award of attorneys' fees under Paragraph XIIb. of the lease between plaintiffs and the Board, which, provides for a "reasonable attorney's fee." The plaintiffs incurred legal fees totalling $3483., including trial. The full amount claimed has been awarded against Connecticut Chair Car, Inc. As to the Board of Education, the court finds $1,500 to be a reasonable attorneys' fee in light of the fact that the plaintiffs did not prevail as to the majority of their claims against the Board.
Judgment is entered against Connecticut Chair Car, Inc. for $14,571.91 damages plus $3483. attorneys' fees plus costs. Judgment is entered against the New Haven Board of Education for $4007. damages plus $1500. attorneys' fees plus costs.
Vertefeuille, J.