[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO RE-OPEN AND TO RE-ARGUE
The Court by Memorandum of Decision dated May 12, 1992 dismissed both of plaintiff/appellants administrative appeals based on a finding that appellant was not continuously aggrieved during the course of his appeals. The court found that the appellants option on the property lapsed from June 30, 1990 to sometime in December of 1990. The decision further notes the extension of the option again lapsed on CT Page 6581 April 30, 1992 subsequent to the evidentiary hearing of March 6, 1992 but prior to the date of decision.
The appellant seeks to re-open the judgment to introduce additional evidence which it contends would establish: that the option continued during the entire course of the appeal; and/or the lapse was subsequently cured; and/or the appellant has other types of interest in the land which would establish aggrievement.
There is nothing offered by appellant which would establish continuing aggrievement that could not have been presented at the evidentiary hearing on March 6, 1992. It was the 1990 lapse of the option which is fatal to their appeal. Evidence of an extension of the option for the period began April 30, 1992 would in no way change the result; assuming appellant established such evidence was unavailable at the time of the hearing on aggrievement. Corbin v. Corbin, 179 Conn. 622, 626 (1980). Damico v. Dalton. 1 Conn. App. 186, 188 (1984).
The appellant did not seek a continuance to enable him to present this additional evidence of aggrievement at the hearing date, nor has he offered any claim that such evidence could not have been known and with due diligence produced at trial.
The appellant had the duty and opportunity to present evidence of aggrievement. Clapper v. Clapper3 Conn. App. 637, 638 (1985).
There are no circumstances presented which would require the Court to take the extraordinary step of re-opening the record post judgment and re-arguing the identical issue of aggrievement. Additional facts and new theories would not change the fact that the issue has been litigated. The appellants remedy is by appeal.
BY THE COURT,
Hon. Robert F. McWeeny, J. Superior Court Judge CT Page 6582