[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for damages brought by the plaintiff landlord against the defendants, his former tenants. On or about April 1, 1995, the defendants took possession, pursuant to a lease, of a condominium dwelling unit owned by the plaintiff. The term of that lease was one year. On April 1, 1996, the parties entered into a new lease with a term of one year. The monthly rental was $620.00.
On November 13, 1996, the plaintiff brought a summary process action against the defendants. This resulted in a stipulated judgment on January 22, 1997. In that stipulated judgment, the defendants agreed to a judgment of possession in favor of the plaintiff with a stay of execution until April 30, 1997 on the condition that they pay use and occupancy of $620.00 per month on or before the tenth day of each month, commencing February 10, 1997. The defendants acknowledged an arrearage of $3,000.00 as unpaid rent or use and occupancy through January, 1997. However, this sum was based on an unresolved dispute as to whether the defendants had paid the August rent. The stipulation provided further: "There is a dispute as to whether the month of August 1996 was pad. Defendant shall give plaintiff a copy of the Aug. 9, 1997 money order on or before Jan 27, 1997." The defendants have produced that money order and the plaintiff is not claiming the rent for August, 1996. CT Page 11803
After the court entered the stipulated judgment, the defendants made two payments of $310.00 and one payment of $620.00. They vacated the unit in mid-February. However, they did not return the keys to the unit to the plaintiff, who only learned that the defendants had vacated from other occupants of the condominium building.
The defendants attempt to raise issues concerning the condition of the unit pre-dating the stipulated judgment. To the extent that they seek to claim that rent should have been reduced or abated because of the condition of the unit, they may not now do so. "This . . . presents a clear example of the type of relitigation that the doctrine of res judicata is designed to prevent." Brown v. Commissioner of Correction,44 Conn. App. 746, 750 (1997). "The judicial [doctrine] of res judicata . . . [is] based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . ." Id., 749.
The court finds that there is owing $1,550.00 pursuant to the stipulated judgment.
The plaintiff also seeks compensation for damages to the unit occurring during the defendants' tenancy. General Statutes "§47a-11 sets out the tenant's statutory duties, of which the most general is the duty to `not wilfully or negligently destroy, deface, damage, impair or remove any part of the premises or permit any other person to do so,'" C.G.S. § 47a-11 (f). A tenant is thus liable for wilful or negligent property damage.
"Since tenant liability must be based on wilful or negligent conduct, the mere fact of damage does not necessarily make the tenant liable. Proof of property damage requires evidence. The landlord bears the burden of proof on all elements of a damage claim. This means that the landlord must prove that (a) the damage occurred, (b) it exceeded normal wear and tear, and (c) it was caused by the tenant, Kulenski v. Siclari, NH-539 (1990);Stutz v. Andren, SNBR-381 (1992); Lurie v. Baker, NH-499 (1990); Pilagin v. Michalski, H-603 (1985). Damage may be shown either by direct evidence or circumstantially. However, a tenant is not liable for damages that already existed when he moved into the apartment or for damage which occurred after he vacated,Wareck v. Connecticut Chair Car Co., NH-557, 6 CSCR 713 (1991);Slaughter v. McFarlane, NH-583 (1992). Similarly, he is not liable for damage caused by persons for whom he is not CT Page 11804 responsible.
"The tenant is also not liable for what is usually described as `normal' or `reasonable' wear and tear, Dell'Oro v. Kelly,
BR-384 (1992); Grzewinski v. George, H-930 (1989); Opinion ofthe Attorney General, 6 CLT #38, p. 19 (1980). The determination of what is wear and tear, as distinct from what is property damage, is heavily dependent on the facts of the particular case; but in general it refers to deterioration of or damage to the property which can be expected to occur from normal usage. For example, the tenant is not liable for wear to a landlord-provided carpet which reflects normal usage of a rug. On the other hand, the tenant may be liable for the cost of cleaning a rug which has become urine-stained because of the tenant's dog, Toczydlowskiv. Nicolaedis, NH-223 (1984).
"Wear and tear also includes normal repainting and cleaning which occur at the end of a tenancy. The tenant is not liable for nail or pin holes in a plaster wall which would ordinarily be spackled as part of a routine repainting, Bronzi v. Barone,
H-533 (1984); Pilagin v. Michalski, H-603 (1985). Each claim must be evaluated on its own merits, in light of the general principle that some wear and tear is inevitable in rental property.
"The landlord must also establish sufficient evidence of the amount of the damage to remove a judgment from the area of speculation. This will not ordinarily require expert testimony or appraisals, but it does require the presentation of some evidence from which a court can make a reasonable estimate of the amount to be awarded, Clarke v. Mele, SNBR-372 (1992); Collazo v.Dias, NH-555 (1991).
"Property damage may be measured by repair cost or by value, as appropriate. Replacement cost is not usually allowed. Thus, if a tenant has destroyed or removed a landlord-provided carpet, the tenant's liability must be adjusted for the age and condition of the carpet, since the tenant is liable only for lost value,Nitch v. Lavoy-Alaimo, H-977 (1992); Bonito v. Lawrence,
NH-576 1992).
"The dollar value of damage may be shown by paid bills or estimates, DiNapoli v. Doudera, 28 Conn. App. 108,609 A.2d 1061 (1992), Wyatt v. Ghosh, SNBR-366 (1992), but the courts have held that paid bills are more credible. Evidence that the CT Page 11805 apartment was subsequently rented to another tenant without repairs being made may reduce the credibility of a claim that damage occurred or that it was of substantial impact, Dell'Orov. Kelly, SNBR-384 (1992). If damage is repaired as part of a larger repair or improvement job, the tenant is liable only for the portion of the repair caused by his negligent or wilful conduct, and the landlord's evidence must provide a method by which the court can determine how much to allocate against the tenant, Sippin v. Ellam, SNBR-338 (1989); Strofolino v.Bordeau, NH-531 (1990). While the court should not impose an unreasonable burden of proof, judges handling property damage claims in landlord-tenant cases have traditionally sought to make sure that such claims are legitimate and that the amount claimed as damages is not inflated, Bonito v. Lawrence, NH-576 (1992)."DiBiaso v. Gargiulo, Superior Court, Judicial District of New Haven, Housing Session, No. CV N.H. 9009-3970 (July 9, 1993).
The plaintiff is entitled to be put in the same position he would have been in had the defendants not breached their duty under the statute and the lease, no better and no worse. Applying the teachings of DiBiaso v. Gargiulo, supra, to the facts of this case, including that the unit was six years old when the defendants first occupied it, the court finds that fair, just and reasonable damages are $1,600.00. The plaintiff seeks compensation for his time in effectuating many of the repairs. Although he certainly mitigated his damages in doing so, he has afforded the court no basis on which to compensate him for his efforts. Compare Freda v. Smith, 142 Conn. 126, 134-135 (1955). The court does award him $100 nominal damages for his efforts. "Our Supreme Court has held . . . that an award of $100 can qualify as nominal damages. Hammarlund v. Troiano,146 Conn. 470, 473, 152 A.2d 314 (1959)." Creem v. Cicero,12 Conn. App. 607, 611, 533 A.2d 234 (1987).
Finally, the plaintiff seeks attorneys fees for this action and the prior summary process action. Under the lease, he is entitled to such damages. Connecticut appellate courts "have repeatedly held that `courts have a general knowledge of what would be reasonable compensation for services which are fairly stated and described.' Not only is expert testimony not required, but such evidence, if offered, is not binding on the court. Taftv. Valley Oil Co., 126 Conn. 154, 161, 9 A.2d 822 (1939);Carangelo v. Nutmeg Farms, Inc., 115 Conn. 457, 463, 162 A. 4
(1933); Gruskay v. Simenauskas, 107 Conn. 380, 387, 140 A. 724
(1928). Also see . . . Storm Associates, Inc. v. Baumgold,
CT Page 11806186 Conn. 237, 440 A.2d 306 (1982)." Piantedosi v. Florida,186 Conn. 275, 279, 440 A.2d 977 (1982). The plaintiff has requested that this court take judicial notice of the file in the summary process action between these parties and the court has done so. See Hartford v. New York, New England R. R. Co.,59 Conn. 250, 252-253, 22 A. 37 (1890) (court may take judicial notice of file in same court between same parties). Based on its examination of those files, the court awards the plaintiff $300.00 attorneys fees and $167.80 costs in connection with the summary process action and $700.00 attorneys fees in connection with this action.
The defendants paid a security deposit which with interestshould now total $680.00.
Judgment may enter for the plaintiff and against the defendants in the amount of $3,837.80, plus taxable costs, with a weekly order of $25.00.
BY THE COURT
Bruce L. LevinJudge of the Superior Court