******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

DAVID MUCKLE *v.* RONALD PRESSLEY ET AL.
(AC 40582)

DiPentima, C. J., and Prescott and Eveleigh, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendants for the diminished value of his motor vehicle that was caused by the alleged negligence of the defendants. The plaintiff's motor vehicle had sustained significant damage when it was struck by a vehicle driven by the defendant P in the course of his employment for the defendant city of New Haven. The trial court awarded the plaintiff damages for the repair of the vehicle, for costs of a rental car for which he had not been reimbursed and for the diminished value of the vehicle. The court, however, rejected the plaintiff's claim for prejudgment interest. On appeal, the plaintiff claimed that the trial court, in awarding damages, improperly denied his claim for prejudgment interest and that the applicable statutes (§§ 37-3a and 37-3b) do not extinguish the common-law right to prejudgment interest in this type of civil action. *Held* that, given the present statutory framework, the trial court properly denied the plaintiff's request for prejudgment interest: under § 37-3a, prejudgment interest may be recovered and allowed in civil actions, but that general rule does not apply to actions to recover damages for injury to a person, or to real or personal property caused by negligence, § 37-3b provides for an award of postjudgment interest in negligence cases, and although, pursuant to statute (§ 52-192a), prejudgment interest is permitted in negligence cases where a plaintiff files an offer of compromise that is rejected by the defendant and the plaintiff recovers an amount equal to or greater than the offer of compromise, the damages awarded here were less than the amount of an offer of compromise filed by the plaintiff; moreover, the plaintiff, in support of his claim, relied on case law that predated the effective date of the current statutory framework, which now limits the automatic award of interest in negligence actions to postjudgment time periods, the plaintiff's claim that §§ 37-3a and 37-3b have not abrogated the common-law right to prejudgment interest was unavailing, as the plaintiff failed to establish that prejudgment interest in negligence cases existed under the common law, and there was no merit to the plaintiff's claim that he was entitled to prejudgment interest pursuant to § 37-3a, which does not apply to actions to recover damages to property caused by negligence.

Argued May 15—officially released October 16, 2018

*Procedural History*

Action to recover damages for the diminished value of the plaintiff's motor vehicle caused by the defendants' alleged negligence, and for other relief, brought to the Superior Court in the judicial district of Middlesex and tried to the court, *Domnarski, J.*; judgment in favor of the plaintiff, from which the plaintiff appealed to this court. *Affirmed.*

*Matthew Julian Forrest*, for the appellant (plaintiff).

*Roderick R. Williams*, for the appellees (defendants).

*Opinion*

DiPENTIMA, C. J. The plaintiff, David Muckle, appeals from the judgment of the trial court denying his claim for prejudgment interest against the defendants, Ronald Pressley and the city of New Haven. On appeal, the plaintiff claims that the court improperly concluded that General Statutes § 37-3b permits only postjudgment interest in negligence actions. We disagree with the plaintiff and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history, as set forth in the court's March 30, 2017 memorandum of decision, are relevant to our discussion. On July 20, 2014, the plaintiff's 2013 Subaru XV Crosstrek vehicle was parked on a street in New Haven. Pressley, an employee of the city of New Haven, struck the plaintiff's vehicle while operating a motor vehicle in the course of his employment. The collision caused significant damage to the plaintiff's vehicle, which was repaired at a cost of $15,096.60. "According to the experts who testified at trial, the [plaintiff's] vehicle had a value between $20,037 and $23,500 prior to the accident. The experts also testified that the value of the vehicle after repairs was between $14,500 and $21,150."

The plaintiff sought damages for the diminished value of his vehicle following the postcollision repair work. After considering the evidence from the parties' experts, the court credited the defendants' expert that the diminished value of the plaintiff's vehicle was $2350, which amounts to "a 10 percent reduction in the vehicle's valuation because of the accident." The court further found that the plaintiff had incurred damages for the repair of the vehicle and for a rental car for which he had not been reimbursed. The court awarded the plaintiff $1067.77 for these damages in addition to the $2350 for vehicle's diminished value, for a total of $3,417.77.

The court did not award the plaintiff damages "for the inconvenience of having to contend with submission of the claim to his insurance company, obtaining a rental car, and dealing with the auto body shop regarding the repair of his vehicle."[1] The court also rejected the plaintiff's claim of interest from the date of the accident, July 20, 2014, stating: "The plaintiff's claims are grounded in the negligence of the defendants. In negligence actions, interest is allowed only after judgment. General Statutes § 37-3b."

On April 17, 2017, the plaintiff filed a motion for reconsideration of the denial of prejudgment interest. In his motion, the plaintiff alleged that he was entitled to $915.77 in prejudgment interest.[2] In their objection, the defendants argued, inter alia, that the cases relied on by the plaintiff, *Hammarlund* v. *Troiano*, 146 Conn. 470, 152 A.2d 314 (1959), *Stults* v. *Palmer*, 141 Conn.

709, 109 A.2d 592 (1954), and *Littlejohn* v. *Elionsky*, 130 Conn. 541, 36 A.2d 52 (1944), predated the 1981 enactment of, and 1997 amendment to § 37-3b. Accordingly, the defendants claimed that these cases did not constitute good law on the issue of prejudgment interest in negligence cases. The court granted the plaintiff's motion, but denied the relief requested. This appeal followed.

On appeal, the plaintiff claims that in diminished value cases, the court is required to include prejudgment interest in the damages award. He contends that General Statutes §§ 37-3a and 37-3b do not extinguish the common-law right to prejudgment interest in this type of civil action. The defendants counter that following the 1981 amendment to § 37-3a and the enactment of § 37-3b, only postjudgment interest is available in negligence cases. We agree that, under the present statutory framework, the court properly denied the plaintiff's request for prejudgment interest in the present case.

We begin with our standard of review. "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . . In cases in which more than one [statutory provision] is involved, we presume that the legislature intended [those provisions] to be read together to create a harmonious body of law . . . and we construe the [provisions], if possible, to avoid conflict between them." (Citations omitted; internal quotation marks omitted.) *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, 297 Conn. 105, 148–49, 998 A.2d 730 (2010); see also *Valliere* v. *Commissioner of Social Services*, 328 Conn. 294, 318, 178 A.3d 346 (2018). Our review is de novo. *Lagueux* v. *Leonardi*, 148 Conn. App. 234, 239, 85 A.3d 13 (2014).

We begin, therefore, with the text of the relevant statutes. Section 37-3a (a) provides in relevant part: "Except as provided in sections 37-3b, 37-3c and 52-192a, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . ." Section 37-3b, titled[3] "[r]ate of interest recoverable in negligence actions" provides in relevant part: "(a) For a cause of action arising on or after May 27, 1997, *interest at the rate of ten per cent a year*, and no more, *shall be recovered and allowed in any action to recover damages for injury to* the person, or to real or *personal property, caused by negligence, computed from the date that is twenty days after the date of judgment or the date that is ninety days after the date of verdict, whichever is earlier, upon the amount of the judgment.*" (Emphasis added.)

Finally, General Statutes § 52-192a (c) provides in relevant part: "After trial the court shall examine the record to determine whether the plaintiff made an offer of compromise which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain specified in the plaintiff's offer of compromise, the court shall add to the amount so recovered eight per cent annual interest on said amount  . . . . The interest shall be computed from the date the complaint in the civil action or application under section 8-132 was filed with the court if the offer of compromise was filed not later than eighteen months from the filing of such complaint or application. If such offer was filed later than eighteen months from the date of filing of the complaint or application, the interest shall be computed from the date the offer of compromise was filed."[4]

Thus, under the present statutory framework, prejudgment interest may be recovered and allowed in civil actions at a rate of 10 percent a year. General Statutes § 37-3a (a).[5] This general rule, however, does not apply to actions to recover damages for injury to a person, or real or personal property caused by negligence. See *Sikorsky Financial Credit Union, Inc.* v. *Butts*, 315 Conn. 433, 442 n.4, 108 A.3d 228 (2015). In negligence cases, interest at a rate of 10 percent a year, and no more, shall be recovered and allowed, computed from the earlier of twenty days after the judgment date or ninety days after the date of the verdict. See General Statutes §§ 37-3a (a) and 37-3b (a). Section 52-192a offers an opportunity for prejudgment interest in negligence cases, but requires the filing of an offer of compromise by a plaintiff, rejection of that offer by a defendant, and recovery by a plaintiff of an amount equal to or greater than the offer of compromise. See, e.g., *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, supra, 297 Conn. 152–53. Such an award is mandatory. Id., 153.

On appeal, as he did before the trial court, the plaintiff

relies on case law that predates the current statutory framework for prejudgment interest. Specifically, he cites to *Littlejohn* v. *Elionsky*, supra, 130 Conn. 541. In that case, our Supreme Court stated that in a negligence action involving a car accident, "the measure of damages is the difference in value between the property before and after the loss, with interest from date of loss." Id., 543 (quoting *Hawkins* v. *Garford Trucking Co.*, *Inc.*, 96 Conn. 337, 341, 114 A. 94 [1921]). The plaintiff also directs us to *Stults* v. *Palmer*, supra, 141 Conn. 712, where our Supreme Court explained: "The true rule is that the measure of damages is the difference between the fair market value of the car before the collision and its fair market value afterwards, plus interest from the date of loss." See also *Hammarlund* v. *Troiano*, supra, 146 Conn. 473 (noting that measure of recovery for damage to automobile stated in *Stults* v. *Palmer*, supra, 712, and that rule requires, inter alia, proof of difference between fair market value before accident and after accident).

All of the cases cited by the plaintiff were decided decades before the effective date of the present statutory scheme.[6] In the years following those cases, our legislature has limited the automatic award of interest in negligence actions to postjudgment time periods. See *DiLieto* v. *County Obstetrics and Gynecology Group*, *P.C.*, supra 310 Conn. 48 ("[t]his legislative genealogy leaves no doubt that the legislature, in amending [§ 37-3b in 1997], was seeking to convert § 37-3b from a statute that permitted an award of postjudgment interest in the discretion of the trial court into one that mandates such an award"); *Hicks* v. *State*, 297 Conn 798, 803–804, 1 A.3d 39 (2010) (interest pursuant to § 37-3b is computed only after judgment, upon amount rendered therein, and accrues only if judgment is not paid).

The plaintiff maintains, however, that §§ 37-3a and 37-3b have not abrogated the "common-law" right to prejudgment interest. The flaw in this argument is that the plaintiff has failed to establish that prejudgment interest in negligence cases existed under the common law. Contrary to the plaintiff's assertion, the right to this type of interest existed by virtue of our statutes. In *Paulus* v. *LaSala*, 56 Conn. App. 139, 147, 742 A.2d 379 (1999), cert. denied, 252 Conn. 928, 746 A.2d 789 (2000), we stated that "[n]oncontractual interest on money wrongfully detained was not sanctioned at common law; see K. Conway, 'Interest on Damages in Connecticut,' 30 Conn. B.J. 407 (1956); but has long been awarded pursuant to statute in Connecticut. General Statutes [1949 Rev.] § 6778; General Statutes (1902 Rev.) [§ 4600]; General Statutes (1888 Rev.) [§ 2942]." See also General Statues (1958 Rev.) § 37-3; General Statutes (1930 Rev.) § 4731; *Foley* v. *Huntington Co.*, 42 Conn. App. 712, 737, 682 A.2d 1026 (trial court correctly noted that there is no right to prejudgment interest in civil action unless statutes provide for such interest), cert.

denied, 239 Conn. 931, 683 A.2d 397 (1996).

The plaintiff failed to support his assertion of a common-law right to prejudgment interest in this type of case.[7] The plaintiff having failed to establish the prerequisite that the right to prejudgment interest in negligence cases existed at common law, we need not consider the plaintiff's claim that §§ 37-3a and 37-3b abrogated such an entitlement. Simply stated, as aptly set forth by Judge Moore in a recent decision from the Superior Court, "[a]s a matter of law, prejudgment interest is not available on any damages that may be awarded by the court to the plaintiff. Prejudgment interest is only available by statute, and there is no statutory provision for prejudgment interest on a claim of negligence. General Statutes § 37-3a allows prejudgment interest, but does not apply to negligence claims. General Statutes § 37-3b applies to negligence claims, but allows only postjudgment, and not prejudgment interest. Further, while a party can be awarded prejudgment interest if damages awarded exceed its offer of compromise under General Statutes § 52-192a, the plaintiff did not file an offer of compromise with the court prior to trial." *Sun Val, LLC* v. *Commissioner of Transportation*, Superior Court, judicial district of Litchfield, Docket No. CV-14-6010907-S (August 19, 2016). Accordingly, the plaintiff's claim must fail.

The plaintiff also contends that he is entitled to prejudgment interest pursuant to § 37-3a. As we have indicated in this opinion, § 37-3a, by its explicit reference to § 37-3b, does not apply to actions to recover damages to property caused by negligence. Additionally we previously have concluded: "Prejudgment interest pursuant to § 37-3a is appropriate only where the essence of the action itself involves the wrongful withholding of money due and payable to the plaintiff. *The prejudgment interest statute does not apply when the essence of the action is the recovery of damages to compensate a plaintiff for injury, damage or costs incurred as a result of a defendant's negligence. . . .* The prejudgment interest statute does not apply to such actions because they do not advance claims based on the wrongful withholding of money, but rather seek damages to compensate for losses incurred as a result of a defendant's negligence. Moreover, such damages are not considered due and payable until after a judgment in favor of the plaintiff has been rendered." (Emphasis added.) *Tang* v. *Bou-Fakhreddine*, 75 Conn. App. 334, 349, 815 A.2d 1276 (2003); see also *Foley* v. *Huntington Co.*, supra, 42 Conn. App. 739 (§ 37-3a does not apply to claims not involving wrongful detention of money such as personal injury claims). Accordingly, we conclude that this claim is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Specifically, the court found that the plaintiff had failed to support this

particular claim for damages with any evidence of monetary loss.

[2] In their appellate brief, the defendants also dispute the plaintiff's prejudgment interest calculation.

[3] We are mindful of our Supreme Court's direction that "[w]here there is ambiguity in the wording of a statute, the title of the legislation is an aid to statutory construction. . . . But if the language is clear and not subject to interpretation, titles are of less significance." (Citations omitted.) *Algonquin Gas Transmission Co.* v. *Zoning Board of Appeals*, 162 Conn. 50, 55, 291 A.2d 204 (1971).

[4] The plaintiff filed an offer of compromise on September 21, 2015, in the amount of $6000. The plaintiff ultimately recovered $3417.77 in damages, or approximately 57 percent of the offer of compromise. We, therefore, disagree with the comments of the plaintiff's counsel at oral argument that the damages awarded in this case were "just shy," "really close" and "almost right on" to the offer of compromise.

In addition to his misstatement at oral argument, the plaintiff's counsel failed to include a copy of the complaint in his appellate appendix and inaccurately quoted a Supreme Court opinion in his appellate brief, which we will address later in this opinion. We take this opportunity to remind *all counsel* who appear before this court to take all necessary and prudent steps to comply with our rules of practice and to ensure the accuracy of his or her representations, both oral and written, to this court.

[5] Our Supreme Court has stated that § 37-3a is not confined by its terms to prejudgment interest and has served as a source for postjudgment interest where § 37-3b does not apply. *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, 310 Conn. 38, 50 n.12, 74 A.3d 1212 (2013).

[6] The plaintiff cites to *Damico* v. *Dalton*, 1 Conn. App. 186, 187, 469 A.2d 795 (1984), where this court relied on the trilogy of *Hammarlund* v. *Troiano*, supra, 146 Conn. 470, *Stults* v. *Palmer*, supra, 141 Conn. 709, and *Littlejohn* v. *Elionsk*, supra, 130 Conn. 541, in stating: "In the present case there can be no doubt that the measure of damages to the defendant's automobile [with respect to the defendant's counterclaim against the plaintiff] was the difference between its value immediately prior to the collision and its value immediately thereafter." Although in that case there was a verdict for the plaintiff with respect to the defendant's counterclaim, we note that this court did not address or discuss the issue of prejudgment interest. *Damico*, therefore provides no support to the plaintiff in this appeal.

We also note that in *Bombero* v. *Marchionne*, 11 Conn. App. 485, 494, 528 A.2d 396, cert. denied, 205 Conn. 801, 529 A.2d 719 (1987), we directly quoted the "true rule" of damages from *Stults* v. *Palmer*, supra, 141 Conn. 709, as "the difference between the fair market of the car before the collision and its fair market value afterwards, plus interest from the date of loss." (Internal quotation marks omitted.) The issue before this court in *Bombero*, however, was not whether the plaintiff was entitled to prejudgment interest; rather, whether the trial court improperly refused to take judicial notice of the 1981 sales tax as an element of the damages. Id. This court declined to consider the merits of this claim as a result of the plaintiff's failure to present an adequate record. Id., 495. Accordingly, as the issue of prejudgment interest was not present in *Bombero*, we conclude that *Bombero* does not support the plaintiff in the present appeal.

[7] In his brief, the plaintiff refers us to the concuring opinion in *Ballou* v. *Law Offices Howard Lee Schiff, P.C.*, 304 Conn. 348, 367, 39 A.3d 1075 (2012) (*Zarella, J.*, concurring). The quotation contained in the plaintiff's brief, however, does not appear, however, in this concurrence. Furthermore, in that case, Justice Zarella did not discuss whether the availability or right to prejudgment interest in a negligence action existed at common law. Finally, we note that a concurring opinion from our Supreme Court is not binding authority. See, e.g., *State* v. *DeJesus*, 91 Conn. App. 47, 58 n.4, 880 A.2d 910 (2005), rev'd in part on other grounds, 288 Conn. 418, 953 A.2d 45 (2008); see generally *United States* v. *Davis*, 825 F.3d 1014 (9th Cir. 2016).

The plaintiff's reliance on *Foley* v. *Huntington Co.*, supra, 42 Conn. App. 712, is equally unavailing. Specifically, he refers to language in that case that § 37-3a applies to only certain cases, and, therefore, claims that the common-law right to prejudgment interest in negligence actions survived the enactment of §§ 37-3a and 37-3b. *Foley* v. *Huntington Co.*, supra, 739. This analysis ignores the discussion in *Foley* that prejudgment interest was not permitted on awards for punitive damages or personal injury claims. See id. We conclude, therefore, that the plaintiff failed to support his claim of a common-law right to prejudgment interest and that such a right survived the enactment of §§ 37-3a and 37-3b.