## HERBERT HICKS *v*. STATE OF CONNECTICUT ET AL.
### (SC 18361)

Rogers, C. J., and Katz, Palmer, Vertefeuille, Zarella and McLachlan, Js.*

Argued March 24—officially released August 17, 2010

* The listing of justices reflects their seniority status on this court as of the date of oral argument.

*Gregory T. D'Auria*, associate attorney general, with whom were *Robert G. Clemente* and, on the brief, *Richard Blumenthal*, attorney general, and *Jane R. Rosenberg*, assistant attorney general, for the appellants (defendants).

*Stephen M. Reck*, for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. The sole question in this appeal is whether the doctrine of sovereign immunity bars a claim for postjudgment interest against the defendant state of Connecticut[1] in a motor vehicle negligence action brought pursuant to General Statutes § 52-556.[2] The state appeals[3] from the judgment of the trial court, which awarded postjudgment interest pursuant to General Statutes § 37-3b,[4] based on its determination that

[1] The plaintiff named both the state of Connecticut and the department of transportation as defendants in his complaint. For convenience, we refer to the state and the department of transportation collectively as the state.

[2] General Statutes § 52-556 provides: "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury."

[3] The state appealed from the judgment of the trial court to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[4] General Statutes § 37-3b (a) provides: "For a cause of action arising on or after May 27, 1997, interest at the rate of ten per cent a year, and no more, shall be recovered and allowed in any action to recover damages for injury to the person, or to real or personal property, caused by negligence, computed from the date that is twenty days after the date of judgment or the date that is ninety days after the date of verdict, whichever is earlier, upon the amount of the judgment."

§ 52-556 waives the state's sovereign immunity not only with respect to damages arising from a state employee's negligent operation of state owned and operated vehicles, but also with respect to postjudgment interest on such claims pursuant to § 37-3b. The state claims that the trial court failed to apply controlling precedent requiring narrow construction of a statutory waiver of sovereign immunity when it awarded the plaintiff, Herbert Hicks, postjudgment interest pursuant to § 37-3b. Because we conclude that the language in §§ 52-556 and 37-3b does not constitute a clear and unequivocal waiver of sovereign immunity with respect to a claim of postjudgment interest, we reverse the judgment of the trial court.

The record reveals the following undisputed facts and procedural history. The plaintiff was injured during an automobile accident in 2001. Claiming that a state employee negligently had caused the accident while operating a state owned and insured vehicle, the plaintiff brought an action against the state pursuant to § 52-556 and obtained a jury verdict in his favor. After the judgment was affirmed on appeal; see *Hicks* v. *State*, 287 Conn. 421, 464, 948 A.2d 982 (2008); the state paid the plaintiff the amount of the judgment, but did not include postjudgment interest. The plaintiff filed a motion for postjudgment interest pursuant to § 37-3b, which the state opposed on the ground of sovereign immunity. On January 13, 2009, the trial court, *Martin, J.*, granted the plaintiff's motion and ordered the state to pay postjudgment interest. This appeal followed.

The issue of whether the express waiver of sovereign immunity in § 52-556 also waives the state's sovereign immunity with regard to the recovery of postjudgment interest pursuant to § 37-3b presents a question of statutory interpretation, over which we exercise plenary review. *Tayco Corp.* v. *Planning & Zoning Commission*, 294 Conn. 673, 679, 986 A.2d 290 (2010). "When

construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) Id.

Keeping these principles of statutory construction in mind, we turn to the question of whether the legislature, through § 52-556, waived the state's sovereign immunity with regard to postjudgment interest otherwise recoverable pursuant to § 37-3b. "Sovereign immunity relates to a court's subject matter jurisdiction over a case, and therefore presents a question of law over which we exercise de novo review. . . . The principle that the state cannot be sued without its consent, or sovereign immunity, is well established under our case law. . . . It has deep roots in this state and our legal system in general, finding its origin in ancient common law." (Internal quotation marks omitted.) *DaimlerChrysler Corp.* v. *Law*, 284 Conn. 701, 711, 937 A.2d 675 (2007). "Exceptions to this doctrine are few and narrowly construed under our jurisprudence." (Internal quotation marks omitted.) Id.

"The doctrine of sovereign immunity is a rule of common law that operates as a strong presumption in favor of the state's immunity from liability or suit. . . . [T]his

court has recognized the well established principle that statutes in derogation of sovereign immunity should be strictly construed. . . . [When] there is *any doubt* about their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Envirotest Systems Corp.* v. *Commissioner of Motor Vehicles*, 293 Conn. 382, 387–88, 978 A.2d 49 (2009). "When the legislature intends to waive immunity from suit or liability, it expresses that intent by using explicit statutory language." *Rivers* v. *New Britain*, 288 Conn. 1, 12, 950 A.2d 1247 (2008). Accordingly, in an action seeking damages against the state, "a plaintiff seeking to circumvent the doctrine of sovereign immunity must show that . . . the legislature, either expressly or by force of a necessary implication, statutorily waived the state's sovereign immunity . . . ." *Miller* v. *Egan*, 265 Conn. 301, 314, 828 A.2d 549 (2003).

Section 52-556 expressly waives the state's immunity with regard to "damages" for injuries caused by motor vehicles operated by a state employee and owned and insured by the state. The statute is silent as to whether the waiver of immunity with respect to liability for damages includes a waiver of immunity for postjudgment interest. Indeed, § 52-556 makes no reference whatsoever to postjudgment interest. We have stated that mere legislative silence "does not . . . necessarily equate to ambiguity . . . ." (Internal quotation marks omitted.) *State* v. *Orr*, 291 Conn. 642, 654, 969 A.2d 750 (2009). In determining whether legislative silence renders a statute ambiguous, we read the statute in context to determine whether the language "is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) Id. Certainly, however, the absence of *any* reference in § 52-556 to postjudgment interest, particularly in light of the narrow con-

struction we accord to waivers of sovereign immunity, suggests that the only reasonable interpretation of § 52-556 is that the legislature did not, by waiving immunity from liability for damages, intend to waive immunity with respect to postjudgment interest. The scope of the intended waiver is clear from the language of § 52-556, which allows an injured person only to "recover damages for such injury." Thus, the only way that the express waiver of immunity in § 52-556 could necessarily imply a waiver of immunity for postjudgment interest would be if the phrase "damages for such injury" could be construed necessarily to include postjudgment interest.

Because § 52-556 does not define the term "damages," we are guided by General Statutes § 1-1 (a), which provides: "In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language; and technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly." "[D]amages," which has acquired a specific meaning in the law, is defined as "[m]oney claimed by, or ordered to be paid to, a person as compensation for loss or injury . . . ." Black's Law Dictionary (9th Ed. 2009). The "injury" for which a plaintiff may recover damages is specifically identified in § 52-556 as the injury suffered as a result of a state employee's negligent operation of a state owned and insured motor vehicle.

Turning to § 37-3b, we emphasize that there is no language to suggest that postjudgment interest is awarded *as a part of damages* for the specific injury contemplated in § 52-556. Such interest is recoverable "in any action to recover damages for injury to the person, or to real or personal property, caused by negligence, computed from the date that is twenty days after the date of judgment or the date that is ninety days

after the date of verdict, whichever is earlier, upon the amount of the judgment." General Statutes § 37-3b (a). Thus, interest pursuant to § 37-3b is computed only after and upon the amount of judgment. It is calculated *after* the trier of fact has calculated the amount of "damages for such injury" pursuant to § 52-556. If, within twenty days, the defendant pays the damages awarded, then no interest is due. Moreover, the amount of interest recoverable is calculated only "upon the amount of the judgment." General Statutes § 37-3b (a). Interest accrues only if the damages are not paid. An award of interest, therefore, first necessitates a factual finding of a debt now due—a specific liquidated sum due. Thus, interest awarded pursuant to § 37-3b is in addition to and based upon the amount of damages as determined by the trier of fact. Postjudgment interest, therefore, cannot be an element of damages.

This reading of the plain language of § 52-556 is supported by our reasoning in *Struckman* v. *Burns*, 205 Conn. 542, 534 A.2d 888 (1987). In *Struckman*, we held that General Statutes § 13a-144,[5] which waives sovereign immunity for "damages" sustained by a person injured by means of a defective highway, does not waive immunity from prejudgment interest. Id., 556–59. We reasoned that, although "there is some ambiguity concerning whether the 'damages' referred to in § 13a-144 include interest . . . a statute that generally allows interest awards does not waive a state's sovereign immunity unless there is an express provision to that effect in the statute." Id., 558–59. Accordingly, "[i]n the absence of clear legislative intent" that the waiver of sovereign immunity from damages in § 13a-144 also

---

[5] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway . . . may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. . . ."

applies to interest, we declined to interpret the statute as waiving the state's sovereign immunity as to prejudgment interest. Id., 559.

We therefore conclude that the meaning of the text of § 52-556 is plain and unambiguous and does not yield absurd or unworkable results. The term "damages" in § 52-556 does not include postjudgment interest, and the only reasonable interpretation of the statute is that the state did not waive sovereign immunity with regard to postjudgment interest pursuant to § 37-3b.

The plaintiff contends, nonetheless, that postjudgment interest was an element of damages in 1927 when the legislature enacted § 52-556; see Public Acts 1927, c. 209; and, therefore, that the state's waiver of immunity with respect to damages necessarily implies a waiver of immunity with respect to postjudgment interest. He observes that in *Babes* v. *Bennett*, 247 Conn. 256, 264–65, 721 A.2d 511 (1998), this court noted that, when the legislature waived sovereign immunity for a state employee's negligent operation of a state owned and insured motor vehicle in 1927 by enacting § 52-556, it intended that the state would be subject to the substantive rules governing negligence actions at that time. The plaintiff urges us to accede to the trial court's reasoning in the present case: "The statutory right to postjudgment interest as an element of damages, as currently codified in § 37-3b, was applicable in negligence cases long before the legislature waived sovereign immunity for negligence actions under § 52-556 in 1927 and, as such, the state is subject to § 37-3b in actions brought against it under § 52-556."

*Babes*, however, is distinguishable from the present case. In *Babes*, the plaintiff administratrix sought to recover damages for the wrongful death of her decedent in an automobile accident that allegedly had been caused by the negligence of a state employee who was

operating a motor vehicle owned and insured by the state. *Babes* v. *Bennett*, supra, 247 Conn. 260. The issue presented to this court was whether, "[w]hen the [s]tate is sued pursuant to its waiver of sovereign immunity in . . . § 52-556, it is immune from a reallocation of damages pursuant to the provisions of [General Statutes] § 52-572h (g)[6] in the event that it is a liable defendant and the plaintiff is unable to recover the damages awarded against another liable defendant?" (Internal quotation marks omitted.) Id., 257–59. This court held that the state is not immune from the reallocation of damages under § 52-572h (g) on the basis of the language, legislative history and attendant statutes of § 52-572h; id., 266–71; and, further, that the reallocation provisions of § 52-572h (g) were intended to apply to the state in the same manner that they apply to every other defendant. Id., 271.

We did not, however, allow for an expansion of damages beyond those permitted by a common-law negligence action. Although we held that § 52-572h (g) is applicable to an action brought against the state pursuant to § 52-556; id., 271–72; we did not hold that reallocated damages are separate from "damages for such injury" as described under § 52-556. Indeed, we stated that, "if the legislature waives sovereign immunity by creating a separate statutory cause of action against the state . . . the statute should not be read so as to have implicitly waived the state's immunity from the imposition, pursuant to separate and distinct statutes, of damages or costs *in excess* of those damages expressly authorized in the statute creating the cause of action." (Emphasis added.) Id., 264–65. Put another

---

[6] General Statutes § 52-572h (g) (1) provides in relevant part: "[T]he court shall determine whether all or part of a defendant's proportionate share of the recoverable economic damages and recoverable noneconomic damages is uncollectible from that party, and shall reallocate such uncollectible amount among the other defendants in accordance with the provisions of this subsection. . . ."

way, in *Babes*, we held that when the state has waived liability with respect to damages, it cannot evade a portion of the liability it has accepted simply because the plaintiff is unable to recover damages against another liable defendant. Reallocation of damages pursuant to § 52-572h (g) does not require the state to pay any money to a plaintiff in excess of the damages recoverable pursuant to § 52-556. Recovery of postjudgment interest pursuant to § 37-3b, in contrast, would require the state to pay out of its coffers moneys above and beyond the amount recoverable pursuant to § 52-556. The reasoning of *Babes*, therefore, is not applicable to the present case.

The plaintiff also contends that, from a public policy standpoint, postjudgment interest is necessary to the orderly payment of judgments. He argues that, without postjudgment interest, the state could delay payment on judgments without penalty. This argument ignores the "strong policy reason" behind the doctrine of sovereign immunity—"to prevent the imposition of enormous fiscal burdens on states." *Fetterman* v. *University of Connecticut*, 192 Conn. 539, 551–52, 473 A.2d 1176 (1984). "Sovereign immunity rests on the principle and on the hazard that the subjection of the state and federal governments to private litigation might constitute a serious interference with the performance of their functions and with their control over their respective instrumentalities, funds and property." (Internal quotation marks omitted.) *Pamela B.* v. *Ment*, 244 Conn. 296, 328, 709 A.2d 1089 (1998). We previously have recognized that "the state engages in activities of a scope and variety far beyond that of any town or city, that the demands upon its resources figuratively approach infinity, and that state operations affect vastly larger numbers of people." *White* v. *Burns*, 213 Conn. 307, 330, 567 A.2d 1195 (1990). Public policy does not demand state liability for postjudgment interest in

motor vehicle negligence cases. Moreover, there is no public policy exception to the principle that the state cannot be sued for money damages without its consent.

The judgment is reversed and the case is remanded with direction to deny the plaintiff's motion for an award of postjudgment interest.

In this opinion the other justices concurred.