CONNECTICUT MOTOR CARS *v.* COMMISSIONER OF
MOTOR VEHICLES
(SC 18650)

Rogers, C. J., and Norcott, Palmer, Zarella, McLachlan, Eveleigh and Vertefeuille, Js.

---

[13] The defendant raises this issue in anticipation of a future federal habeas corpus claim.

618

Argued January 4—officially released April 19, 2011

*Donald E. Weisman,* for the appellant (plaintiff).

*Drew S. Graham,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* former attorney general, for the appellee (defendant).

*Opinion*

McLACHLAN, J. The principal issue in this appeal is whether a licensed motor vehicle dealer or repairer (licensee) is entitled, pursuant to § 14-63-36c (c) of the Regulations of Connecticut State Agencies,[1] to charge

---

[1] Section 14-63-36c (c) of the Regulations of Connecticut State Agencies provides in relevant part: "A licensed wrecker service may charge additional fees for exceptional services, *and for services not included in the tow charge or hourly rate,* which are reasonable and necessary for the nonconsensual towing or transporting of a motor vehicle. . . ." (Emphasis added.)

a "gate fee" for the labor and equipment needed to move a wrecked or disabled vehicle from the storage area to the vehicle retrieval area. The plaintiff, Connecticut Motor Cars, a licensee, appeals[2] from the judgment of the trial court dismissing its administrative appeal from the decision of the defendant, the commissioner of motor vehicles (commissioner), concluding that the plaintiff had improperly charged gate fees in violation of General Statutes § 14-66 (a) (3)[3] and § 14-63-36c (e) of the Regulations of Connecticut State Agencies,[4] and ordering the plaintiff to pay restitution and a civil penalty. The plaintiff claims that the trial court improperly concluded that § 14-63-36c (c) of the regulations does not entitle a licensee to charge a gate fee. We conclude that, because the services for which the plaintiff charged a gate fee are included in the tow charge, § 14-63-36c (c) of the regulations does not entitle a licensee to charge an additional fee for such services, and that the remainder of the commissioner's decision was supported by substantial evidence. Accordingly, we affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. The plaintiff is a business that tows, stores and repairs motor vehicles. The plaintiff stores wrecked and disabled motor vehicles inside a secured storage area. When a motor vehicle owner arrives at the plaintiff's place of business to retrieve a wrecked or disabled vehicle, the plaintiff charges a fee for the

---

[2] The plaintiff appealed from the judgment of the trial court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[3] General Statutes § 14-66 (a) (3) provides in relevant part: "With respect to the nonconsensual towing or transporting and the storage of motor vehicles, no such person, firm or corporation shall charge more than the rates and charges published by the commissioner. . . ."

[4] Section 14-63-36c (e) of the Regulations of the Connecticut State Agencies provides: "No additional fee shall be charged by a licensed wrecker service for releasing a vehicle to its owner or a person legally entitled to its custody."

labor and equipment used to move the vehicle from the secured storage area to the vehicle retrieval area.

In January, 2004, the plaintiff charged a $50 "gate/labor fee" to two owners of disabled motor vehicles, both insured by Allstate Insurance Company (Allstate). In March, 2004, Allstate filed two complaints with the department of motor vehicles (department) objecting to the gate fees. At the consolidated hearing before the hearing officer, the plaintiff argued that the regulations allow a licensee to charge additional fees for services not included in the tow charge; Regs., Conn. State Agencies § 14-63-36c (c); and the gate fee was a labor fee for services not performed during either the tow or the storage of the motor vehicles.

The hearing officer determined that a gate fee is included in a " '[t]ow charge,' " which is defined as a charge for "towing or transporting . . . a motor vehicle"; id., § 14-63-36b (2); and specifically includes the "[r]elease of the vehicle to the owner . . . ." Id., § 14-63-36b (2) (G). The hearing officer stated in her decision that "[t]he act of transferring a motor vehicle from [the plaintiff] to its owner is no different than the release of the motor vehicle, and as such is included in the tow charge . . . . Call this fee a 'gate fee,' a 'labor fee' or a 'gate/labor fee,' the label is irrelevant because the underlying activity is included in the release of the motor vehicle . . . ." Because § 14-63-36c (e) of the regulations expressly prohibits additional fees for the release of a motor vehicle, the hearing officer concluded that the plaintiff had violated that provision and General Statutes § 14-66 (a) (3) by charging a gate fee. The hearing officer ordered payment of a $500 civil penalty to the department and payment of restitution to Allstate in the amount of $100.

The plaintiff appealed from the decision of the commissioner to the trial court pursuant to General Statutes

§ 4-183 (a), claiming that the hearing officer improperly had determined that the plaintiff was not permitted to charge gate fees. The trial court concluded that the commissioner did not abuse his discretion in concluding that a gate fee is included in a tow charge. Accordingly, the trial court rendered judgment dismissing the appeal. This appeal followed.

The plaintiff claims that the trial court improperly concluded that § 14-63-36c (c) of the Regulations of Connecticut State Agencies does not entitle a licensee to charge a gate fee.[5] The plaintiff asserts that § 14-63-36c (c) permits such a fee because it provides that a licensee "may charge additional fees for exceptional services, *and for services not included in the tow charge*" and a gate fee is a charge for labor and equipment services not included in the tow charge.[6] (Emphasis added.)

In accordance with the Uniform Administrative Procedure Act, General Statutes §§ 4-166 through 4-189, we

[5] The plaintiff raises four additional claims on appeal. Based on our review of the record and briefs, we conclude that these claims lack merit. Specifically, we agree with the trial court's rejection of the following claims: (1) the doctrine of laches barred the department from prosecuting the plaintiff for charging the improper gate fees, because the department had at one point closed the files on both cases; (2) once the department closed the two cases, it lacked authority to open and reconsider them; (3) the hearing officer improperly allowed only two of the motor vehicle inspectors who had been subpoenaed to testify as expert witnesses at the hearing; and (4) the hearing officer improperly admitted certain internal department documents as full exhibits.

[6] The plaintiff does not claim that its gate fee is a charge for " '[e]xceptional services,' " which is defined as "the use of special equipment such as cutting torches, air compressors and other equipment not generally required for nonconsensual towing or transporting services, at the scene of an accident." Regs., Conn. State Agencies § 14-63-36b (4). The plaintiff instead claims that, because the regulations permit fees for both "exceptional services" and "services not included in the tow charge"; id., § 14-63-36c (c); additional fees for situations not specifically covered in the existing regulations, such as the plaintiff's gate fees, are permitted. We are unpersuaded. The services for which the plaintiff charged a gate fee are included in the tow charge and are not exceptional services.

review an administrative agency's decision for abuse of discretion to determine "whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." (Internal quotation marks omitted.) *Board of Selectmen* v. *Freedom of Information Commission*, 294 Conn. 438, 446, 984 A.2d 748 (2010). Because the present case presents a question of law and does not involve an agency's time-tested interpretation of its regulations, however, the standard of review is de novo. *Jim's Auto Body* v. *Commissioner of Motor Vehicles*, 285 Conn. 794, 804, 942 A.2d 305 (2008).

The dispositive issue is whether the term "tow charge" in § 14-63-36c (c) of the Regulations of Connecticut State Agencies, includes the gate fee charged by the plaintiff. In other words, the question is whether § 14-63-36c (c), which authorizes additional fees for services not included in the tow charge, permits a gate fee, or whether the services rendered in a gate fee are inseparable from the services rendered in the tow charge.

This issue presents a question of statutory interpretation, guided by well established principles regarding legislative intent. See *Hicks* v. *State*, 297 Conn. 798, 801, 1 A.3d 39 (2010) (setting forth process of ascertaining legislative intent pursuant to General Statutes § 1-2z). Although § 14-63-36c (c) of the Regulations of Connecticut State Agencies permits additional fees for services not included in the tow charge, the regulation does not define the term tow charge. The term is instead clearly defined in a related regulation, which provides that " '[t]ow charge' means the maximum amount determined by the commissioner that a [licensee] may charge the owner or operator of a motor vehicle . . . for nonconsensual towing or transporting of a motor vehicle . . . . Except as otherwise specifically provided, the

tow charge shall include . . . (G) [r]elease of the vehicle to the owner or person otherwise entitled to possession of the vehicle upon presentation of appropriate credentials." Regs., Conn. State Agencies § 14-63-36b (2). This definition incontrovertibly establishes that the term "tow charge" encompasses all of the services rendered in the nonconsensual towing, transporting and releasing of a motor vehicle. The tow charge therefore includes all of the services rendered in the plaintiff's gate fee, which is a fee for the labor and equipment needed to move a wrecked or disabled vehicle from the secured storage area to the designated vehicle retrieval area. Pursuant to the plain language of the regulation, the gate fee charged by the plaintiff is a service included within the phrase "[r]elease of the vehicle to the owner . . . ." Id. Therefore, the gate fee is not a charge for "services not included in the tow charge . . . ." Id., § 14-63-36c (c).

We thus conclude that the term "tow charge" in § 14-63-36c (c) of the Regulations of Connecticut State Agencies includes all the activity involved in a gate fee. The only reasonable interpretation of the regulations is that a gate fee is not permitted.

The judgment is affirmed.

In this opinion the other justices concurred.