## JAMES TAYLOR *v.* CONSERVATION COMMISSION OF THE TOWN OF FAIRFIELD
### (SC 18426)

Rogers, C. J., and Norcott, Palmer, Zarella, McLachlan and Harper, Js.

Argued April 26—officially released August 16, 2011

*Richard Lewis*, for the appellant (plaintiff).

*Richard H. Saxl*, for the appellee (defendant).

*Janet P. Brooks* filed a brief for the Connecticut Farm Bureau Association, Inc., as amicus curiae.

*Opinion*

McLACHLAN, J. The dispositive issue in this appeal is whether General Statutes § 22a-40 (a) (1)[1] and § 4.1 (a) of the inland wetlands and watercourses regulations (regulations) of the town of Fairfield (town),[2] allow as

---

[1] General Statutes § 22a-40 (a) provides in relevant part: "The following operations and uses shall be permitted in wetlands and watercourses, as of right:

"(1) Grazing, farming, nurseries, gardening and harvesting of crops and farm ponds of three acres or less essential to the farming operation . . . . The provisions of this subdivision shall not be construed to include road construction or the erection of buildings not directly related to the farming operation, relocation of watercourses with continual flow, filling or reclamation of wetlands or watercourses with continual flow, clear cutting of timber except for the expansion of agricultural crop land, the mining of top soil, peat, sand, gravel or similar material from wetlands or watercourses for the purposes of sale . . . ."

[2] The town, under the authority of General Statutes § 22a-42 of the Inland Wetlands and Watercourses Act, General Statutes §§ 22a-36 through 22a-45, has promulgated regulations concerning activities on inland wetland and watercourses within the town. The text of § 4.1 (a) of the regulations is nearly identical to the text of § 22a-40 (a) (1), and provides in relevant part: "The following operations and uses shall be permitted in inland wetlands and watercourses, as of right:

"a. Grazing, farming, nurseries, gardening and harvesting of crops and farm ponds of three acres or less essential to the farming operation. The provisions of this subdivision shall not be construed to include road construction or the erection of buildings not directly related to the farming operation, relocation of watercourses with continual flow, filling or reclamation of wetlands or watercourses with continual flow, clear cutting of timber except for the expansion of agricultural crop land, or the mining of top soil, peat, sand, gravel or similar material from wetlands or watercourses for the purposes of sale . . . ." Fairfield Inland Wetlands and Watercourses Regs., § 4.1.

of right, that is, without the approval of a local wetlands authority, the filling of wetlands to construct roads. The plaintiff, James Taylor, appeals[3] from the judgment of the trial court dismissing his administrative appeal from the decision of the defendant, the town conservation commission (commission), acting in its capacity as the inland wetlands and watercourses agency of the town, denying the portion of the plaintiff's petition for a declaratory ruling that he is permitted as of right to construct certain roads on his property. The plaintiff claims that the trial court improperly concluded that § 22a-40 (a) (1) and § 4.1 (a) of the regulations do not permit as of right the filling of wetlands to construct roads. We affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. The plaintiff owns approximately six acres of land in the town, which consists, in part, of wetland soil. In February, 2006, the plaintiff filed a petition for a declaratory ruling with the commission, seeking a determination that certain activities are permitted as of right pursuant to § 4.1 (a) of the regulations. The proposed activities included the removal of stones, the construction of stone walls, a fence, a dug well, an addition to an existing barn and three access roads, the planting of a nursery, a fruit farm and flower, herb and vegetable gardens and the maintenance of a grassed way. The petition contained several supporting documents, including maps of the property and descriptions and drawings of the proposed activities, including the proposed roads. It described the first, northern access road as "[n]ecessary for vehicle/tractor access for planting, harvesting and maintaining [c]rops," the second, central access road as "[n]ecessary for vehicle/tractor access to the central crop of Highbush Blueberry and

[3] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2.

to the nursery stock for harvesting and maintaining" and the third, southern access road as "[n]ecessary for vehicle/tractor access to the nursery crop production." The petition further stated that the three proposed access roads would not involve the relocation of watercourses with continual flow, or the filling or reclamation of wetlands or watercourses with continual flow.

In March, 2006, a commission staff member reviewed the petition and produced a memorandum recommending that the commission approve, inter alia, the construction of the northern access road as of right because it was not located on wetlands, but deny the construction of the central and southern access roads as of right because "no farm road, no matter how essential to the farming operation, may cause the filling or loss of a wetland soil or watercourse with continual flow. Such a farm road is not an exempt activity, it requires a wetland permit." The memorandum further stated: "The . . . [r]egulations are predicated on the [s]tate [s]tatutes that clearly explain that any farm road, no matter how essential to the farming operation, may not fill any wetland soil or alter a watercourse with continual flow, without a wetland permit. If a farmer's intent was to cross wetlands with a vehicle, such a crossing may be done with no wetland fill or watercourse reclamation. Obviously, some wetlands have mucky soils and a farm vehicular crossing without fill could be difficult. That does not negate the need for obtaining a wetland permit."

In May, 2006, the commission reviewed the staff memorandum and voted unanimously to deny the petition for a declaratory judgment in its entirety. The plaintiff appealed from the decision of the commission to the trial court pursuant to General Statutes § 22a-43 (a),[4]

---

[4] General Statutes § 22a-43 (a) provides in relevant part: "[A]ny person aggrieved by any . . . decision . . . made pursuant to sections 22a-36 to 22a-45, inclusive . . . may . . . appeal to the superior court for the judicial district where the land affected is located . . . ."

claiming, inter alia, that the commission improperly had failed to make a determination as to whether the proposed activities were permitted as of right. The trial court, *Gilardi*, *J.*, concluded that the commission improperly had failed to make separate and distinct determinations as to whether each of the proposed activities was permitted as of right. Accordingly, the trial court rendered judgment sustaining the plaintiff's appeal and remanded the case to the commission for further proceedings in accordance with its decision.

On February 7, 2008, the commission determined that all of the plaintiff's proposed activities were permitted as of right, except for the construction of the central and southern access roads, which the commission found would require the filling of wetlands. The commission further considered the filling of wetlands to be a regulated activity that required a permit. Accordingly, the commission granted in part and denied in part the plaintiff's petition for a declaratory ruling.

The plaintiff appealed from the decision of the commission to the trial court pursuant to § 22a-43, claiming that the commission improperly had denied in part his petition for a declaratory ruling because § 22a-40 (a) (1) permits as of right the filling of wetlands to construct roads that are directly related to the farming operation and the commission had failed to explain why the construction of the two roads was not permitted as of right. The commission responded that the central and southern access roads were not permitted as of right because they involved the filling of wetlands, and neither § 22a-40 (a) (1) nor § 4.1 (a) of the regulations permits as of right the filling of wetlands for the purpose of constructing roads, even if the roads are directly related to the farming operation.

In February, 2009, the trial court affirmed the commission's decision denying the plaintiff's proposed con-

struction of the central and southern access roads. The court reviewed § 22a-40 (a) (1) and §§ 4.1 (a) and 4.3[5] of the regulations, concluded that the filling of wetlands to construct roads, irrespective of whether the roads are directly related to the farming operation, is not permitted as of right, and determined that substantial evidence in the record supported the commission's decision. In its memorandum of decision, the court noted that, "the plaintiff does not controvert that he seeks to fill wetlands in order to construct the central and [southern] roads," and that "[t]he record reflects that '[a]s to the proposed central road . . . [a commission member at the February 7, 2008 meeting stated that] . . . "[the] road across the center portion [goes] . . . right through the wetlands. So I oppose it—I think he needs [an inland wetlands] permit for that type of activity." There was no other comment, and the motion to deny [the central road] was approved unanimously. In a similar vein, [the southern road] was also denied unanimously when the [commission members] realized that it too was located in wetland[s] and that the road construction would require filling in the wetland[s].' The record also reflects that the plaintiff's application for a declaratory ruling 'showed that wetlands would be filled to an average depth of [thirty inches] for a distance of [fourteen feet] for the purpose of constructing a road.' " The trial court, accordingly, affirmed the commission's denial of the plaintiff's proposed construction of the central and southern access roads. This appeal followed.

The plaintiff claims that pursuant to § 22a-40 (a) (1) and § 4.1 (a) of the regulations, he is permitted, as of

---

[5] Section 4.3 of the Fairfield inland wetlands and watercourses regulations provides in relevant part: "All activities in wetlands or watercourses involving filling, excavation, dredging, clear cutting, grading and excavation not specifically permitted by this section shall require a permit from the [a]gency . . . ."

right, to fill wetlands on his property for the purpose of constructing roads that are directly related to the farming operation.[6] Specifically, the plaintiff refers to the texts of § 22a-40 (a) (1) and § 4.1 (a) of the regulations, which are nearly identical[7] and provide in relevant part: "The provisions of this subdivision shall not be construed to include road construction or the erection of buildings not directly related to the farming operation, [or the] . . . filling or reclamation of wetlands or watercourses with continual flow . . . ." The plaintiff claims that the phrase "not directly related to the farming operation" modifies the phrase "road construction" as well as the phrase "erection of buildings . . . ." He additionally contends that, because the legislature specified that road construction not directly related to the farming operation is *not* permitted as of right, road construction directly related to the farming operation *is* permitted as of right. He further argues that, because the use of fill is a "necessary [precondition] to transform raw, wetland soil into a road that is suitable for use by large and heavy vehicles," filling in wetlands to construct roads directly related to the farming operation is permitted as of right.[8] The commission responds that

[6] In his brief to this court, the plaintiff also claims that one of the issues presented in this appeal is whether the two roads are permitted as of right because they are, as a matter of law, directly related to the farming operation. We conclude that the filling of wetlands to construct roads is not permitted as of right, irrespective of whether the two roads are, as a matter of law, directly related to the farming operation.

[7] See footnotes 1 and 2 of this opinion.

[8] Although the plaintiff asserts that the use of fill is necessary to construct a road on wetlands, the staff memorandum, which was reviewed by the commission in 2006, indicates that it is possible to construct a road on wetlands without using fill. Specifically, the memorandum provides that "[s]ome wetland soils, such as alluvial soils, are quite sandy and could support farm vehicle traffic with no fill or reclamation of a watercourse." We note, however, that the trial court stated in its memorandum of decision that "the plaintiff does not controvert that he seeks to fill wetlands in order to construct the central and [southern] roads" and, during oral argument, the plaintiff's attorney stated that "there is nothing in the record that would indicate that these roads could have been built without the proposed gravel."

road construction directly related to the farming operation is not permitted as of right when it involves the filling of wetlands.[9] We conclude that, even if road construction directly related to the farming operation is permitted as of right, such road construction is not permitted as of right if it involves the filling of wetlands, because the filling of wetlands is not permitted as of right.[10]

"When the administrative agency has made a legal determination . . . the scope of review is ordinarily plenary." *Rapoport* v. *Zoning Board of Appeals*, 301 Conn. 22, 33, 19 A.3d 622 (2011). "[W]hen an agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference. . . . [I]t is for the courts, and not administrative agencies, to expound and apply governing principles of law. . . . These principles apply equally to regulations as well as to statutes."

Accordingly, we disagree with the plaintiff's claim that our conclusion that road construction requiring fill is not permitted as of right renders meaningless the language in § 22a-40 (a) (1) that provides: "The provisions of this subdivision shall not be construed to include road construction or the erection of buildings not directly related to the farming operation . . . ." The plaintiff's argument rests on the assumption that *all* "road construction," as that term is used in the statute, requires the use of fill. Because there is no dispute, however, that the plaintiff proposed to use fill in the construction of the roads at issue in the present case, and because the plaintiff has not demonstrated that all road construction on wetlands requires the use of fill, the plaintiff has not demonstrated that our interpretation of the statute renders the subject clause meaningless.

[9] The commission also argues that § 4.1 (a) of the regulations permits as of right fewer activities than § 22a-40 (a) (1). Neither party, however, characterizes the trial court as having concluded that § 22a-40 (a) (1) differed from § 4.1 (a) of the regulations, and as we set forth in footnotes 1 and 2 of this opinion, the language of § 22a-40 (a) (1) and § 4.1 (a) of the regulations is nearly identical.

[10] We emphasize that, because we conclude that filling in wetlands is not permitted as of right, we do not address the questions of whether road construction directly related to the farming operation is permitted as of right or whether the two roads are, as a matter of law, directly related to the farming operation.

(Citations omitted; internal quotation marks omitted.) *Wood* v. *Zoning Board of Appeals*, 258 Conn. 691, 698, 784 A.2d 354 (2001).

Because the present case presents a question of statutory interpretation, we are guided by well established principles regarding legislative intent. See *Hicks* v. *State*, 297 Conn. 798, 801, 1 A.3d 39 (2010) (setting forth process of ascertaining legislative intent pursuant to General Statutes § 1-2z). In addition, we are mindful that "exemptions to statutes are to be strictly construed . . . and . . . those who claim the benefit of an exception under a statute have the burden of proving that they come within the limited class for whose benefit it was established." (Citations omitted.) *Conservation Commission* v. *Price*, 193 Conn. 414, 424, 479 A.2d 187 (1984).

We turn to the language of the Inland Wetlands and Watercourses Act (act), General Statutes §§ 22a-36 through 22a-45. The act sets forth a broad definition of " '[r]egulated activity' " which includes "*any* operation . . . involving removal or deposition of material, or *any* . . . construction . . . [or] alteration . . . but shall not include the specified activities in section 22a-40 . . . ." (Emphasis added.) General Statutes § 22a-38 (13). Section 22a-40 (a) (1) restricts the types of activities permitted as of right to a few, limited activities; it permits "[g]razing, farming, nurseries, gardening and harvesting of crops and farm ponds of three acres or less essential to the farming operation . . . ." It does not permit the filling of wetlands as of right; instead, § 22a-40 (a) (1) further provides that "[t]he provisions of this subdivision shall not be construed to include road construction or the erection of buildings not directly related to the farming operation, [or the] . . . filling or reclamation of wetlands or watercourses with continual flow . . . ." This later provision thus expressly limits the types of activities that are permitted

as of right. It plainly and unambiguously does not permit the filling of wetlands as of right.[11]

In addition, the plain and unambiguous prohibition against the filling of wetlands as of right is consistent with the legislature's specific finding that "[t]he inland wetlands and watercourses of the state of Connecticut are an indispensable and irreplaceable but fragile natural resource with which the citizens of the state have been endowed. . . . Many inland wetlands and watercourses have been destroyed or are in danger of destruction because of unregulated use by reason of the deposition, *filling* or removal of material, the diversion or obstruction of water flow, the erection of structures and other uses, all of which have despoiled, polluted and eliminated wetlands and watercourses. . . . The preservation and protection of the wetlands and watercourses from random, unnecessary, undesirable and unregulated uses, disturbance or destruction is in the public interest and is essential to the health, welfare and safety of the citizens of the state. It is, therefore, the purpose of [the act] . . . to protect the citizens of the state by making provisions for the protection, preservation, maintenance and use of the inland wetlands and watercourses by minimizing their disturbance and pollution . . . and [by] protecting . . . from the dangers of drought, overdraft, pollution, misuse and mismanagement by providing an orderly process to balance the need for the economic growth of the state and the use of its land with the need to protect its environment and ecology in order to forever guarantee to the people of the state, the safety of such natural resources for their benefit and enjoyment and for the

---

[11] In his reply brief to this court, the plaintiff argues that the conclusion that the filling of wetlands is not permitted as of right is "overly broad" because the legislature intended only to prohibit the extensive use of fill as of right, not small amounts of fill for discrete purposes. The record, however, does not reveal that the plaintiff made this argument to the trial court.

benefit and enjoyment of generations yet unborn." (Emphasis added.) General Statutes § 22a-36. The legislature further emphasized its concern regarding wetlands by announcing that "it is hereby declared to be the public policy of the state to require municipal regulation of activities affecting the wetlands and watercourses . . . ." General Statutes § 22a-42 (a). We therefore conclude that the trial court properly determined that § 22a-40 (a) (1) and § 4.1 (a) of the regulations do not permit, as of right, the filling of wetlands to construct roads, irrespective of whether the roads are directly related to the farming operation.

The judgment is affirmed.

In this opinion the other justices concurred.

